UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Phillip Paul Goodyear, | ) | C/A No. 9:25-cv-00491-TMC-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Bryan Stirling, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This a civil action filed by Plaintiff Phillip Paul Goodyear, a state prisoner who is proceeding pro se. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In an Order dated March 27, 2025, Plaintiff was directed to bring his case into proper form by providing the specified documents. Plaintiff was also notified of pleading deficiencies and given the opportunity to amend his Complaint. ECF No. 10.[1] On April 24, 2025, Plaintiff filed his Amended Complaint. ECF No. 15. However, Plaintiff has failed to provide the documents necessary to bring this case into proper form.

## I.     BACKGROUND

At the time he filed this action, Plaintiff was an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections (SCDC). *See* ECF No. 1 at 2. He was later released from custody. *See* ECF. No. 13.

---

[1] The Order was initially sent to Plaintiff's address provided with the Complaint. It was returned as undeliverable. *See* ECF No. 16. On April 4, 2025, Plaintiff submitted a change of address. ECF No. 13. The Order was remailed to Plaintiff at his new address on April 4, 2025. The remailed Order was not returned.

In his Amended Complaint, Plaintiff alleges that his Fourteenth Amendment rights were violated by Defendant Bryan Sterling, the former Director of SCDC. He asserts that the events that gave rise to his claim occurred from July or August 2021 until May 2025. ECF No. 15 at 5. Plaintiff's entire statement of his claim is that:

> The defendant Brian Sterling and his individual and official capacity implemented policies that treat the plaintiff and others similarly situated in a different discriminatory manner that policy results in a different calculation of work credits for inmates in statewide detective custody treating them as a suspect class as a result the defendant ended up serving more than 8 months more than he would have had to serve on his sentence. All inmates in general population earn work credits at a rate proportionate to their classification custody level and based on their disciplinary histories this includes every inmate in the state of South Carolina with the exception of inmates in one unit this unit is statewide protective custody the reason that this policy has inmates in statewide protective custody not earning the correct amount of work credits as everyone else in scdc those in general population with the same sentence for the same crimes and the same disciplinary records who work the same hours each day and the same amount of days each week performing the same duties will serve less time than the plaintiff or anyone who is similarly situated in the state dorm of statewide protective custody inmates in general population earn work credits at a rate of days worked they get one day knocked off their sentence and this is either based on a 5-day a week work. Or a 7-Day a week work. Inmates in general population and inmates in statewide protective custody work 7 days per week inmates in general population earn 182 days a year credit off their sentence for working a 7-Day a week work week whereas inmates and statewide protective custody work 7 days and have one day knocked off their sentence which results in only 72.8 days for inmates in statewide protective custody as opposed to 182 days for inmates in general population this policy is outdated plaintiff brought this issue to South Carolina department of corrections attention and they still failed to correct a clear constitutional violation these policies are executed implemented and enforced by the director of South Carolina department of corrections Brian Sterling.

ECF No. 15-1 at 1–2 (errors in original).

In the "Injuries" section of the Complaint, Plaintiff asserts that he was forced to serve over eight months prison time that he believes he should not have served. He requests monetary damages. ECF No. 15 at 8.

## II.     STANDARD OF REVIEW

A *pro se* complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III.     DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.     Failure to State a Claim

It appears that Plaintiff is attempting to allege that his equal protection rights were violated because inmates in protective custody receive less work credits[2] than inmates in general population

---

[2] "Although a prisoner may have due process rights as to good-time credits which are taken away from him, the opportunity to earn good-time or work credits is not a constitutionally established liberty interest." *Wiggins v. Bush*, No. 3:08-cv-3452-RBH, 2009 WL 6314994, at *1 (D.S.C. Dec. 15, 2009), *report and recommendation adopted*, 2010 WL 1254878 (D.S.C. Mar. 24, 2010); *Sheppard v. Pepper*, No. CV RDB-19-255, 2019 WL 6733076, at *6 (D. Md. Dec. 11, 2019) ("[P]risoners do not have a constitutionally protected right to work while detained or incarcerated, to remain in a particular job once assigned, or to earn diminution credits at that job.").

such that he allegedly had to serve a longer sentence. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall …deny to any person ... the equal protection of the laws." U.S. Const. amend. XIV, § 1; *see also City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 446-47 (1985) (stating that the Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike"). "State action is unconstitutional when it creates 'arbitrary or irrational' distinctions between classes of people out of 'a bare ... desire to harm a politically unpopular group.'" *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 607 (4th Cir. 2020) (quoting *Cleburne Living*, 473 U.S. at 446-47). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Only if such a showing is made does "the court proceed[ ] to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.*[3]

Plaintiff's equal protection claim is subject to summary dismissal. He appears to be attempting to allege that he is a part of a suspect class and that any disparate treatment is subject to strict scrutiny. However, "[i]nmates in protective custody are not a suspect class and regulations concerning their treatment are subject to rational basis review." *Durdick v. Byars*, No. CIV.A. 3:11-2979-CMC, 2012 WL 5306263, at *3 (D.S.C. Sept. 28, 2012), *report and recommendation*

---

[3] "When equal protection challenges arise in a prison context[,] courts must adjust the level of scrutiny to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner." *Veney v. Wyche*, 293 F.3d 726, 732 (4th Cir. 2002). In a prison context, therefore, courts must determine whether the disparate treatment is "reasonably related to [any] legitimate penological interests." *Shaw v. Murphy*, 532 U.S. 223, 225 (2001).

*adopted*, No. CA 3:11-2979-CMC-JRM, 2012 WL 5305352 (D.S.C. Oct. 26, 2012); *see also Allgood v. Morris*, 724 F.2d 1098, 1101 (4th Cir. 1984).

Here, Plaintiff has not alleged any facts to indicate that inmates on protective custody are similarly situated to those in general population. And he admits that he was treated similarly to those who were also in protective custody. *See* ECF No. 15-1 at 1. Even if Plaintiff has alleged facts to establish that he is similarly situated, he has not alleged any facts to indicate that any unequal treatment by Defendant was the result of intentional or purposeful discrimination.

B.     Eleventh Amendment Immunity

Defendant, in his official capacity, is also entitled to Eleventh Amendment immunity, which divests this court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. *See Alden v. Maine*, 527 U.S. 706, 712-13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that claims against a state official for actions taken in an official capacity are tantamount to a claim against the state itself). While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the States' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). Further, although a State may itself consent to a suit in a federal district court, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984), the State of South Carolina has not consented to such actions. Rather, the South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).

5

C.     <u>Failure to Bring Case into Proper Form</u>

This action is also subject to summary dismissal because Plaintiff failed to bring this case into proper form. In the Court's Order dated March 27, 2025, Plaintiff was given the opportunity to bring his case into proper form by providing a completed summons form listing the Defendant named in this matter (with a complete name and full address where Defendant could be served pursuant to Rule 4 of the Federal Rules of Civil Procedure) and by submitting a completed and signed Form USM-285 for the named Defendant. Plaintiff was warned that failure to provide the necessary information within the timetable set forth in the Order would subject the case to dismissal. *See* ECF No. 10.

The time to bring this case into proper form has now lapsed, and Plaintiff has failed to provide the required items to bring his case into proper form. Thus, it is recommended that this action be dismissed in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

### IV.     <u>RECOMMENDATION</u>

Based on the foregoing, it is recommended that this action be dismissed without prejudice, without further leave to amend,[4] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

                                           */s/ Molly H. Cherry*
                                           Molly H. Cherry
                                           United States Magistrate Judge

December 5, 2025
Charleston, South Carolina

---

[4] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).